# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**MANUEL CONTRERAS,**

    Plaintiff,

    v.

**COMMONWEALTH OF PUERTO RICO, ET AL.,**

    Defendants.

CIVIL NO. 18-1944 (PG)

## OPINION AND ORDER

On December 10, 2018, plaintiff Manuel Contreras ("Contreras" or "plaintiff") filed this action *pro se* under 42 U.S.C. § 1983 against the Commonwealth of Puerto Rico, Maria Lugo Cintron, the Secretary of Justice and others. See Docket No. 3. On that same date, Contreras also filed a motion to proceed *in forma pauperis* (Docket No. 1), which the Clerk of Court deemed defective (Docket No. 2). Contreras is an inmate in a state penal institution in Ponce, Puerto Rico, who makes claims of actual innocence and ineffective assistance of counsel. See Docket No. 3.

At first glance, the court notes that plaintiff's claim suffers from several defects, the first of which is that it does not state a viable claim under Section 1983. Here, the plain language of Contreras' complaint demonstrates that he is challenging the validity of his conviction and confinement. However, "[t]his Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). Instead, the Supreme Court has found that a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) "'has been accepted as the specific instrument to obtain release from [unlawful] confinement.'" Wilkinson, 544 U.S. at 79 (citing Preiser, 411 U.S. at 486). Despite being

labeled as a Section 1983 cause of action, the substance of his claim - and not its name or title - controls.

Now, construing the action as an application for habeas corpus relief under 28 U.S.C. § 2254, the court also finds plaintiff's claim defective for failure to exhaust state court remedies. In his complaint, Contreras asserts under penalty of perjury that he **has not** brought suit in state of federal court dealing with the same facts involved in this action or availed himself of the prison's available grievance procedures. See Docket No. 3. But "habeas corpus actions require a petitioner fully to exhaust state remedies ... ." Wilkinson, 544 U.S. at 79. When habeas corpus is the exclusive federal remedy, "then a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate." Preiser, 411 U.S. at 477 (citing 28 U.S.C. § 2254(b). By his own admissions then, Contreras has failed to meet the requirements of the applicable statute.

But most importantly, his claim fails on one final count: despite his sworn assertions, Contreras has indeed sought - and been denied - habeas relief. It is clear from this court's records that Contreras has filed three previous writs of habeas corpus under 28 U.S.C. § 2254 based on the same claims of actual innocence and ineffective assistance of counsel raised here. See Civil Cases No. 12-1685(CCC), 16-2042(DRD) and 17-1466(DRD). All of them were dismissed. In fact, in Civil Case No. 12-1685(CCC), the court considered his claims on the merits and entered judgment dismissing them with prejudice. See Civil Case No. 12-1685(CCC), Dockets No. 20, 22, 23. As a result, the plaintiff's claims shall once again be dismissed pursuant to 28 U.S.C. § 2244(b)(1), stating that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."

In light of the foregoing, the court must *sua sponte* dismiss the plaintiff's claim.[1] See Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand."). See also Green v. Concord Baptist Church, 313 Fed.Appx. 335 (1st Cir.2009)(affirming district court's *sua sponte* dismissal of action where the allegations in the complaint were insufficient to state a Section 1983 claim and opportunity to amend would be futile).

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, January 8, 2019.

S/ JUAN M. PÉREZ-GIMÉNEZ
**JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE**

---

[1] If Contreras continues to file successive identical claims in this district court, the court will order the taxing of his prisoner account to satisfy the applicable filing fee pursuant to 28 U.S.C. § 1915. See Muldoon v. Maloney, 230 F.3d 1347 (1st Cir. 2000) (affirming district court's dismissal of "frivolous" complaint filed by state prisoner proceeding *in forma pauperis*, as well as the taxing of his prisoner account to satisfy filing fee under 28 U.S.C. § 1915, where the complaint was an identical copy of a complaint he had previously filed).